## Paul, Appellant, *v.* Bialy et al.

*Contracts—Sales of stock—Alleged fraud—Cancellation.*

Where in a suit in equity for the cancellation of certain agreements under which plaintiff had delivered the controlling stock interest in a corporation to defendant, it was alleged that defendant procured plaintiff to enter into the agreements by fraud and misrepresentation, but the lower court found on sufficient evidence that the agreements were not obtained by fraud or misrepresentation but were signed by complainant after a full disclosure and at his own free will, a decree refusing the relief prayed for was affirmed.

Argued Jan. 22, 1917.   Appeal, No. 340, Jan. T., 1916, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1913, No. 3168, in equity, dismissing bill for the cancellation of certain agreements in case of George M. Paul v. H. L. Bialy, E. Boyd Weitzel, C. D. Hoffman, A. E. Woodman and Edward P. Gallagher. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Bill in equity for the cancellation of certain agreements and for an injunction.

From the record it appeared that in the spring of 1912, James M. Taylor was president and George M. Paul, vice-president and treasurer of the Universal Lubricator Company, a corporation, under the laws of the State of Delaware.

George M. Paul was the owner of a majority of the stock issued by said corporation.

Paul solicited defendants to become connected there-

with as officers and directors and give their time and attention to the management thereof upon a promise to compensate them therefor.

The defendants agreed to become officers and directors and undertake the management of the company, and Paul placed in the control of three of the defendants for distribution, 873 shares of stock under an agreement, dated the 29th of June, 1912.

At the time the defendants became connected with the company, its liabilities exceeded its assets. The company was in debt to one bank more than twenty thousand dollars on notes endorsed by Paul and Taylor, but Paul was unable to take care of this indebtedness. Taylor refused to help and both he and Paul were only liable as accommodation endorsers, which did not lessen the liability of the company.

The defendants found it impossible to sell stock for the company on account of its insolvency, and thereupon decided to divide and did divide the said stock among themselves, and devoted their own time and attention to the business and succeeded in keeping it alive and running on a profitable basis and greatly reduced its indebtedness.

The agreements between the parties dated June 29, and April 7, 1912, were as follows:

This agreement, made the 29th day of June, 1912, by and between George M. Paul, of the first part, and H. L. Bialy, E. Boyd Weitzel and E. P. Gallagher, parties of the second part.

Whereas, the said Paul is the owner of fourteen hundred and seventy-three (1,473), or thereabouts, shares of stock of the Universal Lubricator Company, a corporation duly organized under the laws of the State of Delaware, and

Whereas the said corporation is largely indebted for materials furnished and on general account, and there is no money in the treasury to meet these obligations, and

Whereas the present management is unable to suggest or devise a plan or remedy to restore the credit of the corporation and to meet these financial obligations:

Now, therefore, it is agreed between the parties hereto as follows:

First—That a certificate of one hundred (100) shares of the stock held by the party of the first part shall be given to E. P. Gallagher in payment of services rendered to the party of the first part.

Second—That a certificate for five hundred (500) shares of the said stock shall be made out in the name of George M. Paul, party of the first part.

Third—That the balance of the said stock, to wit, about eight hundred and seventy-three (873) shares, will be given to the parties of the second part absolutely, for their use to do and distribute as they see fit and think wise in the management and upbuilding of the business of the said corporation.

That the parties of the second part on their behalf agree to give their time, energy and ability to the upbuilding of the business and credit of the said corporation, and to solicit capital for the payment of the debts, and to establish a fund for the general management of the business.

In witness whereof the parties hereto have hereunto set their hands and seals the day and year above written.

GEO. M. PAUL,

H. L. BIALY,

E. BOYD WEITZEL,

E. P. GALLAGHER.

Witnesses:

C. D. HOFFMAN,

H. E. WOODMAN.

This agreement, made this seventh day of April, A. D. 1913, by and between George M. Paul, H. L. Bialy, E. Boyd Weitzel, A. E. Woodman and C. D. Hoffman, of the City of Philadelphia, parties of the first part, and H. L. Bialy, E. Boyd Weitzel and C. D. Hoffman, of the

City of Philadelphia, parties of the second part, hereinafter called "Trustees."

Whereas the parties of the first part hereto are holders of the majority of the stock issued and outstanding of the Universal Lubricator Company, a corporation organized under the laws of the State of Delaware;

And whereas it appears that the interests of the parties of the first part, as well as the interest of the said company itself, would be best served by a continuation of the business policy inaugurated by the officers and directors now in control of the affairs of said company, who have within the past nine months succeeded in rehabilitating, to a large extent, the financial condition of said company.

Now, therefore, in consideration of the above premises and in pursuance and in furtherance of the same, it is hereby mutually agreed between the parties hereto as follows:

1. That all the certificates of stock held by the said parties of the first part shall be delivered and issued to H. L. Bialy, E. Boyd Weitzel and C. D. Hoffman, trustees, parties of the second part, in trust to hold the legal title of said shares of stock, including the sole right to vote the same at all meetings of said company for the space of five years from the date thereof or until a dividend is declared on the stock of said company, if the latter event shall sooner occur.

2. The said trustees are to use the voting power of said stock, according to their best judgment, for the best interest and advancement of the business of the said company and for the benefit of the several stockholders.

3. The said trustees shall have the right at any time within the said space of five years or until the declaration of a dividend on the stock of said company, if such an event shall sooner occur, to purchase the stock of any contracting party who does not desire to continue the trust relation at ten per cent. advance of par value of

the same for the use and benefit of the remaining parties.

4. The said trustees may from time to time agree to issue or have issued to the real owners of the stock a certificate for all or any part thereof, but before any said certificates shall be issued, and delivered, it shall be marked upon its face as follows: "The certificate is issued, received and held pursuant and subject to, and the holder by accepting the same assents to all the terms and conditions of a certain agreement dated April 7, 1913, by and between George M. Paul et al. and H. L. Bialy et al., trustees."

In witness whereof the parties hereto have hereunto set their hands and seals the day and year above written.

GEO. M. PAUL,

H. L. BIALY,

E. BOYD WEITZEL,

A. E. WOODMAN,

C. D. HOFFMAN.

PATTERSON, J., filed, inter alia, the following conclusions of law:

1. The agreements of June 29, 1912, and April 7, 1913, were not obtained by fraud or misrepresentation but were signed by complainant after a full disclosure, and of his own free will.

2. The respondents did not conspire or deliberately plan to obtain a majority of the complainant's stock and control of the company by fraud.

3. The respondents have not neglected or injured the business of the Universal Lubricator Company.

The court on final hearing refused to direct the cancellation of the agreements. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the decree of the court.

*Henry Baur* and *Frank A. Paul,* for appellant.

*Thomas McConnell, Jr.,* with him *Ralph N. Kellam,* for appellees.

PER CURIAM, February 26, 1917:

This appeal is dismissed and the decree affirmed, at appellant's costs, on the first three conclusions of law of the learned court below in passing upon the exceptions to the findings of fact and legal conclusions of the trial judge.

Decree affirmed.